### HIRSHON-GARFIELD, Inc. v. ALVIN SALES CO., et al.

Circuit Court, Dade County, Civil Appeal.

August 1, 1956.

Michael H. Salmon and Irving Cypen, both of Miami Beach, for appellants.

Arthur J. Kline, Warren, Klein & Moore, Miami Beach, for appellee.

JOHN W. PRUNTY, Circuit Judge.

Alfred Gottesman, one of the defendants in the civil court of record, appeals from a final judgment against him and the defendant Alvin Sales Co.

The appellant claims that the trial court erred in refusing to permit the appellant to introduce the deposition of an officer of the plaintiff-appellee corporation as part of the case in chief of the defendant-appellant.

Rule 20 (d) (2) of the Florida Common Law Rules (this case pre-dating the effective date of the 1954 Florida Rules of Civil Procedure) permits the use of depositions of the type and form presented here to be used for any purpose at the time of trial. This use includes use as direct evidence and as part of the defendant-appellee's case in chief.

The trial court did not properly interpret the rule in refusing to allow the use of the depositions in the manner sought by the appellant. However, the action of the trial court was harmless in that the appellant employed the same deposition for impeachment purposes during the trial, and, also, the appellant called as an adverse party witness the same individual involved in the deposition.

The appellant had every opportunity to present the evidence desired and the action of the trial court was not prejudicial to appellant.

The appellant also contends that a portion of appellee's claim is for work done at the request of a party who is a stranger to the suit and should not have been included in the judgment. The appellee maintains that all services rendered were either for the use and benefit of the appellant or with the consent and approval of appellant.

There is some conflict in the evidence on this point. The trial court heard all the facts and the evidence and rendered its decision on this point.

It is well established that an appellate court should not substitute its judgment for that of the trial court in determining disputed questions of fact, unless there is an obvious abuse of discretion, or the trial court applies the wrong principles of law to the facts.

No abuse of discretion or misapplication of the law by the trial court is here shown. The judgment of the trial court should be and is hereby affirmed.